IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard Alexander,                              :

        Petitioner            :       Civil Action 2:10-cv-00445

v.                                              :       Judge Smith

Warden Banks, Noble C.I.,                       :       Magistrate Judge Abel

        Respondent            :

**REPORT AND RECOMMENDATION**

Petitioner Alexander, a state prisoner, brings this action for a writ of habeas corpus under the provisions of 28 U.S.C. §2254. This matter is before the Magistrate Judge on the Court's own motion. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

The petition alleges that on March 9, 2009, petitioner was convicted in the Court of Common Pleas for Muskingum County, Ohio for an F3 and two F5s and sentenced to four years in prison. The petition alleges that Alexander is held in the custody of respondents in violation of the Constitution of the United States in that he was denied the effective assistance of counsel, denied a fair trial and plea, and denied the right to appeal.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). In Ohio, this includes direct

and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970).

The petition alleges that Alexander filed a delayed appeal from the sentence and judgment of conviction, but the Ohio Court of Appeals for the Fifth District denied his motion for leave to appeal. The petition does not allege that Alexander appealed that decision to the Supreme Court of Ohio. A West Law search on June 14, 2010 using the name "Richard Alexander" did not yield any appellate decisions regarding Alexander's Muskingum County criminal convictions. It thus appears that Alexander did not file an appeal to the Supreme Court of Ohio from the Court of Appeals' decision denying him leave to file a delayed appeal.

A constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987). Since the petition does not allege that Alexander appealed the decision of the Ohio Court of Appeals for the Fifth District to the Supreme Court of Ohio, I RECOMMEND that the petition be DISMISSED because it fails to plead exhaustion of petitioner's Ohio court remedies.

WHEREUPON, the Magistrate Judge RECOMMENDS that the petition be dismissed because petitioner has failed to exhaust his Ohio court remedies.

2

If any party objects to this Order, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Order and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B)l; Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Order will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

Copies of the petition and this Order shall be mailed to the Attorney General of Ohio, Corrections Litigation Section, 150 E. Gay St., 16th Floor, Columbus, OH 43215.

s/Mark R. Abel
United States Magistrate Judge